right or has changed positions for the worse; or (c) Recovery would be unconscionable under the circumstances." 5 C.F.R. § 845.303.

Mr. Maye's own responses to OPM's financial resources questionnaire show that he had a monthly income that exceeded his expenses by $500, and Mr. Maye has not provided any additional evidence as to why repayment would cause a financial hardship. In addition, Mr. Maye has not provided any evidence as to how he changed position in reliance on the overpayment to his detriment, and in any case Mr. Maye had adequate notice of potential overpayments in the letter notifying him of his federal employee disability award and was told not to cash his Social Security checks until his application for benefits was processed by OPM. Lastly, Mr. Maye has not provided any evidence demonstrating unconscionability.

### AFFIRMED

Costs

No Costs.

■

Garret A. Leach, Kirkland & Ellis LLP, Chicago, IL, argued for appellant. Also represented by Paul Daniel Bond, Brian Verbus.

Robert Anthony Surrette, McAndrews, Held & Malloy, Ltd., Chicago, IL, argued for appellee. Also represented by Merle Sylvester Elliott.

O'MALLEY, PLAGER, and BRYSON, Circuit Judges.

### JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

■

**HILL–ROM SERVICES, INC., Appellant**

v.

**STRYKER CORPORATION, Appellee.**

No. 2015–1295.

United States Court of Appeals, Federal Circuit.

Oct. 14, 2015.

**Kenneth E. MUCHA, Petitioner**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 2015–3113.

United States Court of Appeals, Federal Circuit.

Oct. 14, 2015.